**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**11-MJ-126 HKS**

**JOHN EDWARD CIPOLLA,**

**Defendant.**

---

**DECISION AND ORDER**

John Edward Cipolla was charged in a criminal complaint with violations of Title 18, United States Code, Section 1001(a)(2), title 42, United States Code Sections 1320d-6(a)(2), (a)(3), and (b)(3), and Title 18, United States Code, Section 2. Dkt. #1. On October 28, 2011, the complaint was dismissed pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Dkt. #6.

Currently before the Court is Mr. Cipolla's *pro se* motion "to expunge the records of his false arrests and false charges from his Federal Bureau of Investigation (FBI) Criminal History Record Information (CHRI) (UCN:335801MD2), and to direct the FBI to update said record to reflect 'no prior' arrests or charges and provide [him] a free digital copy forthwith." Dkt. #7. Mr. Cipolla attaches a copy of the FBI CHRI, which states: "investigation closed due to declination by the US Attorney's Office." Dkt. #7, pp.6-11.

In support of his motion, Mr. Cipolla advises that he is currently in the process of applying for Italian citizenship by descent for himself and his daughter and the "continued presence of the dismissed and declined false arrest charges on [his] FBI CHRI directly and materially prejudices his citizenship application and that of his minor daughter." Dkt. #7, ¶ 8. He argues that expungement is appropriate because the underlying HIPAA charges were legally impossible and the FBI agent engaged in fraud and perjured himself to the court in his affidavit in support of the complaint by failing to advise the Court that he "could not legally be charged under the HIPAA statute as a matter of law." Dkt. #7, p.3. Mr. Cipolla also submits a memorandum from a law firm recommending that he "obtain and present an FBI criminal record certificate without any observations whatsoever" because Paraguay will not issue a National Identity Card to any applicant whose FBI criminal record certificate contains observations of any kind, even when those observations relate to charges that were dismissed, declined, or otherwise definitively resolved without conviction. Dkt. #8.

The United States opposes the motion to expunge and disputes Mr. Cipolla's allegations of government misconduct. Dkt. #10.

Mr. Cipolla replies that the legal memorandum pertaining to Paraguay demonstrates that the continuing notation of his arrest "produces an identified and concrete foreign administrative disability" beyond ordinary travel inconvenience. Dkt. #13, p.3. Mr. Cipolla also argues that the FBI agent failed to advise the Court of facts that would have precluded a finding of probable cause to issue the Complaint. Dkt. #13,

pp.3-4. Mr. Cipolla alleges "false arrest, unlawful seizure, false imprisonment, malicious prosecution, abuse of process, retaliatory loss of travel privileges, civil-rights conspiracy, intentional infliction of emotional distress, interference with association and consortium, stigma-plus injury, invasion of privacy, alleged failure to obtain an indictment (for the USA's alleged felony), alleged prosecutorial misconduct, and alleged media-related defamation and conspiracy (lawfare, weaponization of the legal system, & character assassination" as evidence of concrete and ongoing harm. Dkt. #13, p.5.

"A court, sitting in a criminal prosecution, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records." *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977), *cert. denied*, 435 U.S. 907 (1978). Expungement of arrest records "lies within the equitable discretion of the court, and relief usually is granted only in extreme circumstances." *Id.* at 539 (internal quotation omitted). To determine whether such relief is appropriate, courts balance the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties. *Id.; See* 28 U.S.C. § 536(a) (1) (requiring the Attorney General to "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records."). "Retaining and preserving arrest records serves the important function of promoting effective law enforcement" by meeting the "compelling public need for an effective and workable criminal identification procedure." *Id.* (internal quotation omitted).

"[E]xpunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct." *In re Farkas*, 783 F. Sup. 102, 103 (E.D.N.Y. 1992). Courts have found sufficiently extreme circumstances to warrant expungement where: (1) an individual's constitutional right has been violated by an arrest or conviction; (2) mass arrests rendered it impossible to prove probable cause; (3) the purpose of the arrests was solely to harass workers; (4) the police misused the records to the detriment of the individual; and (5) when the arrest was proper but based on a statute later declared unconstitutional. *Id.* at 540 (citing cases). Expungement is also "proper when an arrest was conducted without probable cause." *United States v. Lau*, 2003 WL 22698810, at *2 (S.D.N.Y. Nov. 14, 2003). It may also be appropriate where a criminal record is inaccurate, since the government's interest in preserving such a record is very low, while the individual's interest in expunging an inaccurate record is very high. *Id.* at 301. In *M.D. v. United States*, for example, the arrest record indicated that the criminal charge was still pending even after the district court had granted the government's motion to dismiss the criminal complaint and despite the government's attempt to correct the record. *Id.* at 298.

Courts frequently decline to grant a motion to expunge simply because the individual faces adverse employment outcomes due to a criminal record. *M.D. v. United States*, 671 F. Supp.3d 297, 301 (E.D.N.Y. 2023); *See Ruiz v. United States*, 19-MC-850, 2019 WL 3388817, at *2 (E.D.N.Y. July 25, 2019) ("The need to explain the

circumstances surrounding an arrest to an employer does not fall 'within the narrow bounds of the class of cases where expungement has been declared appropriate.'"), *quoting Schnitzer*, 567 F.2d at 540; *See In re Farkas*, 783 F.Supp. at 104 (noting that it is not for the Court to substitute its own judgment for that of entities charged with evaluating the character and qualifications of an individual pursuing a vocation). Interference with the ability to travel is also insufficient. *Grunstein v. United States*, 24-MC-2402, 2025 WL 1235120, at *2 (E.D.N.Y. April 29, 2025) (denying expungement even though dismissed complaint affected application for Global Entry); *Sandy v. United States*, 08 MC 306, 2008 WL 4865993, at *1-2 (E.D.N.Y. Nov. 7, 2008) (denying expungement despite airport detention when seeking reentry to the United States where database was subsequently updated to reflect dismissal of case).

In the instant case, Mr. Cipolla has not demonstrated sufficiently extreme circumstances to warrant expungement of his arrest record. He does not allege that his FBI CHRI is inaccurate, but instead concedes that it "explicitly notes that the investigation into federal charges . . . was closed . . . due to declination by the United States Attorney's Office." Dkt. #7, ¶ 4 & pp.6-11. The decision not to pursue the criminal charges beyond the procedural posture of a criminal complaint does not negate the Court's determination of probable cause and Mr. Cipolla's assertion that "he could not legally be charged under the HIPAA statute as a matter of law" (Dkt. #7, p.3), does not demonstrate law enforcement misconduct or otherwise establish a violation of Mr. Cipolla's constitutional rights. Whether or not the circumstances that prompted the

investigation and supported this Court's determination of probable cause to charge Mr. Cipolla are relevant to assessing his application for Italian citizenship is a matter most appropriately considered by the government of Italy rather than this Court.

The motion to expunge (Dkt. #7), is denied.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**October 29, 2006**

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**